IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 23, 2010 Session

## NORMAN REDWING v. THE CATHOLIC BISHOP FOR THE DIOCESE OF MEMPHIS

**Appeal from the Circuit Court for Shelby County**
**No. CT-005052-08     D'Army Bailey, Judge**

_____

**No. W2009-00986-COA-R10-CV - Filed May 27, 2010**
_____

**PARTIAL DISSENT**

_____

HOLLY M. KIRBY, J., DISSENTING:

I concur in the majority's analysis of the ecclesiastical doctrine and its holding that we do not have subject matter jurisdiction of Mr. Redwing's claims of negligent hiring and retention, but that we do have subject matter jurisdiction to adjudicate his claim of negligent supervision. I must dissent, however, from the majority's holding that, as a matter of law, Mr. Redwing's claim of negligent supervision is barred by the statute of limitations. I believe that, in this case, dismissal based on the pleadings is premature and that Mr. Redwing is entitled to conduct discovery on facts pertinent to whether the statute of limitations is tolled.

As noted by the majority, the facts in this case are similar to those presented in **_Doe v. Catholic Bishop for the Diocese of Memphis_**, No. W2007-01575-COA-R9-CV, 2008 WL 4253628 (Tenn. Ct. App. 2008), _perm. app. den._ (Mar. 16, 2009). As in **_Doe_**, Mr. Redwing asserts that the Defendant Catholic Bishop is directly liable for the negligent hiring, retention, and supervision of the offending priest. **_See id._** at *2.

However, in **_Doe_**, the plaintiff's complaint contained only a "cryptic allegation" that, despite the exercise of reasonable diligence, the plaintiff had "only recently learned of the [Diocese's] negligent conduct." **_Id._** at *17 n.17. In contrast, in the instant case, Mr. Redwing's amended complaint asserts that the Roman Catholic Church as a whole "has gone to great lengths" to conceal instances of child sexual abuse and the Church's knowledge of such abuse, detailing specific acts by the Church in order to avoid criminal and civil liability,

avoid being compelled by courts to disclose information on abuse, and avoid scandal and financial loss.[1] It alleges that the defendant Diocese misled Mr. Redwing and his family as to the Diocese's knowledge of the priest's history and propensity for sexual abuse of minors, and took active steps to "conceal the Diocese's . . . wrongdoing in supervising Father Guthrie, and prevent Norman Redwing and other victims of Father Guthrie from filing civil lawsuits," and fraudulently concealed information relevant to Mr. Redwing's claims. I believe that the specific factual allegations in Mr. Redwing's amended complaint distinguish this case from *Doe*, and warrant permitting discovery to proceed.

In *Doe*, we declined to hold that, had Doe pursued any claim against the Diocese or the priest at the time he reached majority, he *ipso facto* would have learned that there were prior instances of sexual molestation by the offending priest and that the Diocese had knowledge of them. *Id.* at *14. Instead, we deemed it "necessary to examine in some detail what Doe knew at the time he reached majority and follow the thread of what would have happened" had he pursued a claim against the Diocese or the priest. *Id.*

In *Doe*, based on the facts that the plaintiff knew when he reached majority, the only claim he could have alleged against the Diocese was for vicarious liability, under the doctrine of respondeat superior. *Id.* at *15. Had he pursued such a claim against the Diocese, we found a substantial possibility that the claim would have been dismissed based on the pleadings, prior to any discovery on the Diocese's knowledge of prior instances of child sexual abuse. *Id.* at *16. However, we found further that a reasonable person in Doe's position when he reached majority would have filed a lawsuit against the offending priest. Had he done so, we found, routine discovery would have involved questions about the Diocese's knowledge of prior abuse. *Id.* The *Doe* Court commented that, had the Diocese been asked about the priest's prior offenses, "we cannot know whether the Diocese would have been forthcoming in response to such inquiries." *Id.* at *17. Nevertheless, tolling theories such as the

---

[1]The complaint alleges that the Church as a whole sought to maintain secrecy about child sexual abuse by:

>Failing to disclose complaints to law enforcement officials, parishioners and the public;

>Maintaining secret archives and files of evidence of sex abuse, accessible only to bishops;

>Instructing Church officials in destruction of incriminating documents and spoliation of evidence regarding sexual abuse by clergy;

>Threatening and coercing victims and their families to withdraw complaints and retract allegations of sexual abuse.

discovery rule were "only available to a plaintiff who has exercised reasonable diligence." *Id.* On that basis, we held that Doe's claim against the defendant Diocese was barred by the statute of limitations.

In the case at bar, the claim at issue is Mr. Redwing's claim of negligent supervision against the Diocese. For such a claim against an employer, it is not enough, of course, to simply assert wrongful conduct by the employee. To recover against an employer for negligent supervision, the plaintiff must show that the "harm caused by the employee's action [was] foreseeable to the employer." *Smith v. Keyport Self-Storage*, 2000 WL 558604, at \*4 (Tenn. Ct. App. May 5, 2000). The plaintiff must show "specific knowledge" of facts that would put the employer on notice of the employee's wrongful acts. *Overland v. Swifty Oil Co.,* 2001 WL 856580, at \*4 (Tenn. Ct. App. July 31, 2001) *perm. app. den.* (Dec. 10, 2001). Thus, at the time he reached majority, Mr. Redwing could not be expected to assert a claim of negligent supervision against the Diocese without at least inquiry notice of facts showing that the priest's wrongful conduct was reasonably foreseeable by the Diocese.

Using the methodology in *Doe*, what happens when we "follow the thread" of what would have occurred had Mr. Redwing "exercised reasonable diligence" and filed a lawsuit against the offending priest? Mr. Redwing alleges in his complaint that the Church, and the defendant Diocese, went to "great lengths" to avoid any disclosure of its knowledge of child sexual abuse, and took affirmative steps to mislead Mr. Redwing and his family and fraudulently conceal information pertinent to his claims. Presuming Mr. Redwing's allegations to be true, which we must at this point, even if Mr. Redwing had filed a lawsuit against the priest when he reached majority, there is a substantial possibility that he would not have discovered that he had a claim of negligent supervision against the Diocese. *Doe*, at \*16.

The issue of whether "the plaintiff exercised reasonable care in discovering the injury or wrong is usually a fact question for the jury to determine." *Schmank v. Sonic Automotive, Inc.,* 2008 WL 2078076 at \*3 (Tenn Ct. App. May 16, 2008)(quoting *Wyatt v. A-Best Co.,* 910 S.W.2d 851, 854 (Tenn. 1995)).*See also, Turner v. Roman Catholic Diocese,* 987 A.2d 960, 982-3 (Vermont 2009)(issue of whether plaintiff was on inquiry notice of Diocese's potential liability of church leadership was issue for the jury). Judgment on the pleadings or dismissal of the complaint is appropriate only "where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he . . . was injured as a result of the defendant's wrongful conduct." *Id.* This is true, of course, regardless of whether the plaintiff seeks to have the statute of limitations tolled for thirty days or, as here, for nearly thirty years.

If permitted discovery, Mr. Redwing may not be able to acquire sufficient evidence for a reasonable trier of fact to find that, at the time he reached majority, he did not have inquiry notice of facts to support a claim of negligent supervision against the Diocese. If that is the case, dismissal of his complaint will be appropriate at that point. However, for now, I believe that dismissal is premature, and that the trial court should be affirmed on this issue.

_____
HOLLY M. KIRBY, J.